UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ALONZO CRITTENDON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-325 |
| | § | |
| THE BANK OF NEW YORK MELLON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alonzo Crittendon filed this lawsuit in the 122nd Judicial District Court of Galveston County, Texas, in an attempt to prevent Defendant, the Bank of New York Mellon, from foreclosing on the property located at 3816 Armand Drive, Dickinson, Texas, 77539.

The Bank removed the lawsuit to this Court. At the time of removal, the live pleading in the suit was Crittendon's "First Amended Petition, Application for Injunctive Relief, and Request for Disclosures." Dkt. 1-12. In that pleading, Crittendon alleged that he and his wife purchased the property on November 30, 2005, and the Note and Deed of Trust for the mortgage were subsequently transferred to the Bank. Crittendon alleged that he was assured that, even though he had fallen behind on mortgage payments, the Bank would not foreclose on the property. He contends that the Bank broke that promise and initiated foreclosure proceedings, ultimately selling the property at a foreclosure sale. Crittendon asserts claims for breach of contract, common law fraud, and promissory estoppel.

The Bank now seeks summary judgment in its favor. Dkt. 26. First, the Bank contends that Crittendon's breach of contract claims are based upon an alleged oral promise and are therefore barred by the statute of frauds. The Bank also argues that Crittendon's "breach of contract claim also fails because Plaintiff failed to specify the provision breached." Next, the Bank contends that summary judgment should be entered on Crittendon's fraud claim because that claim is barred by the economic loss rule; because there is no evidence that an actionable representation was made or that Crittendon justifiably relied on such a representation to his detriment; and because "Crittendon failed to plead with specificity." Next, the Bank seeks summary judgment on Crittendon's promissory estoppel claim. And, to the extent that Crittendon asserts a wrongful foreclosure claim, the Bank also seeks summary judgment on that claim. Finally, the Bank seeks summary judgment on Crittendon's claims for injunctive or equitable relief.

The undisputed summary judgment evidence shows that Crittendon executed an Adjustable Rate Note in the amount of $144,000 and a Deed of Trust to secure repayment of the Note, his loan was transferred to the Bank, Crittendon failed to make payments as required, and he was in default. Although Crittendon attempted to negotiate a loan modification, there is no evidence to show that he was successful in securing such a modification. Ultimately, the property was sold at a foreclosure sale for $165,380.75.

After reviewing the motion, the summary judgment record, the pleadings, and the applicable authorities, the Court hereby **GRANTS** the motion for summary judgment

because there is no genuine dispute of material fact on any of Crittendon's claims against the Bank.

## LEGAL STANDARDS

Summary judgment is warranted if the movant establishes that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*,783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id*. (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id*. (quotation marks omitted); *see also Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir.

2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). "Once the moving party [meets its initial burden], the non-moving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice*, 783 F.3d at 536 (quoting *EEOC*, 773 F.3d at 694). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008); *see also Nola Spice*, 783 F.3d at 536.

## ANALYSIS

### A. Breach of Contract

The Bank is entitled to summary judgment on Crittendon's breach of contract claim. Under Texas law, the elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that

breach." *Crose v. Humana Ins. Co.*, 823 F.3d 344, 347–48 (5th Cir. 2016). However, Texas law is also clear that, "[a] loan agreement in which the amount involved exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. & COM. CODE § 26.02(b); *see also* TEX. BUS. & COM. CODE § 26.01(b)(6) ("an agreement which is not to be performed within one year from the date of making the agreement" must be in writing to be enforceable). The Texas statute of frauds specifically defines a "loan agreement" to include promissory notes and deeds of trust. *Id.* § 26.02(a)(2).

Crittendon's breach of contract claim is based on an alleged oral agreement, made after he entered into written the Note and became delinquent under its terms, that the Bank would forebear foreclosure while he pursued a loan modification. As numerous courts have held, "[b]ecause such an oral agreement would have altered the terms of the parties' written loan agreement, which exceeded $50,000 in value, such an oral agreement is unenforceable under Texas' Statute of Frauds." *See, e.g., Terna v. Wells Fargo Bank*, Civil Action No. 4:16-CV-03461, 2017 WL 6513990, at *3 (S.D. Tex. Nov. 20, 2017), report and recommendation adopted Dec. 18, 2017; *Matthews v. JPMorgan Chase Bank, N.A.*, Civil Action No. H–14–2266, 2015 WL 892954, at *2 (S.D. Tex., Mar. 1, 2015) (citing TEX. BUS. & COM. CODE § 26.02(b) and finding that an alleged oral promise not to foreclose on a mortgage loan was barred by the statue of frauds because the loan agreement was for more than $50,000.00); *see also Milton v. U.S. Bank Nat. Ass'n,* 508 Fed. App'x. 326, 328 (5th Cir. 2013) (collecting cases). Accordingly, summary judgment for the Bank will be entered this claim.

**B. Common Law Fraud Claim**

To prevail on a fraud claim under Texas law, a plaintiff must prove that (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; (4) the plaintiff actually and justifiably relied upon the representation; and (5) the plaintiff thereby suffered an injury. *Ernst & Young, L.L.P. v. Pacific Mut. Life, Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001); *see also Formosa Plastics Corp. v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) ("A fraud cause of action requires 'a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury.'"). Here, Crittendon's fraud claim appears to be based upon his allegation that he received an oral promise that the Bank would not foreclose upon his home while he pursued a loan modification.

As the Bank points out, Federal Rule of Civil Procedure 9(b) imposes a heightened level of pleading for fraud claims, requiring a party alleging common law fraud to plead the surrounding circumstances with particularity. FED. R. CIV. P. 9(b); *see Tuchman v. DSC Comm'n Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994), cert. denied, 522 U.S. 966 (1997). In the Fifth Circuit, this requires the plaintiff to include allegations of "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby."

*Tuchman*, 14 F.3d at 1068. Crittendon has not met this threshold. His complaint falls woefully short of explaining the "who, what, when, and how" of the alleged fraudulent statements. Further, there is no evidence in the summary judgment record to support his fraud claims. Even taking all evidence in his favor, the Court finds that Crittendon has failed to present enough evidence to raise a genuine issue of material fact on any element of his fraud claim, and the Bank is therefore entitled to summary judgment on this claim.[1]

### C. Promissory Estoppel

Crittendon's petition states that he wishes to assert a claim for "promissory estoppel" because the Bank of New York made him a promise; he reasonably and substantially relied on that promise to his detriment; his reliance on the promise was foreseeable by the Bank; and "injustice can be avoided only by enforcing [the Bank's] promise."

Under Texas law, an affirmative claim or cause of action for "promissory estoppel" requires the following elements: (1) a promise; (2) foreseeability by the promisor of reliance on the promise; and (3) substantial reliance by the promisee to its detriment. *Walker v. Walker*, Cause No. 14-16-00357-CV, 2017 WL 1181359, at *7 (Tex. App.—Houston [14th Dist.] Mar. 30, 2017, no pet.) (citing *Boales v. Brighton Builders, Inc.*, 29 S.W.3d 159, 166 (Tex. App.–Houston [14th Dist.] 2000, pet. denied) (cleaned up); *see also Collins. v. Walker*, 341 S.W.3d 570, 573–74 (Tex. App.–Houston

---

[1] Alternatively, the Court finds that Crittendon's fraud claims are barred by the economic loss rule. The economic loss rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties. *See, e.g., Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991).

[14th Dist.] 2011, no pet.) (claim applies where enforcing the promise is necessary to avoid injustice). As above, there is no evidence in the summary judgment record to raise a genuine dispute of material fact on any of the necessary elements of Crittendon's claim for affirmative promissory estoppel under Texas law, and summary judgment is appropriate for the Bank on this claim.

### D. Wrongful Foreclosure

Under Texas law, a plaintiff asserting a claim for wrongful foreclosure must ordinarily show: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quotation marks and citation omitted); *Taylor v. Ditech Financial, LLC*, Civil Action No. H–16–2465, 2017 WL 2362493, at *5 (S.D. Tex., May 31, 2017) (same). Crittendon has not identified any defects in the foreclosure sale proceedings, nor has he alleged that the Property was sold at a grossly inadequate price. The Court also finds that there is no evidence in the summary judgment record to raise a genuine dispute of material fact as to whether there was a causal connection between any identified defect and a grossly inadequate selling price. Summary judgment is appropriate for the Bank on this claim as well.

### E. Injunctive and Equitable Relief

Finally, as to Crittendon's request for injunctive or equitable relief, the Court also grants summary judgment for the Bank. As stated above, Crittendon has not brought forth any evidence or otherwise raised a genuine dispute of material fact as to his entitlement

to legal or equitable relief. *See Howard v. AMH ROMAN TWO TX, LLC*, Case No. 4:15-CV-526, 2016 WL 3392417, at *5 (E.D. Tex., May 11, 2016) ("A request for equitable or injunctive relief must be premised upon the existence of a viable underlying legal claim. Here, Plaintiff's claims for legal relief have failed. Thus, his claims for equitable and injunctive relief also fail.") (collecting cases); *Hanna v. RFC Deutsche Bank Nat. Trust Co.*, 2012 WL 1969948, at *5 (N.D. Tex. 2012) (same).

## CONCLUSION

Accordingly, the Court finds that there is no genuine dispute on any of Crittendon's claims against the Bank, and summary judgment should be entered in the Bank's favor.

**All other pending motions are DENIED as moot.**

Final judgment shall be entered separately.

SIGNED at Galveston, Texas, this 18th day of January, 2018.

_____
George C. Hanks Jr.
United States District Judge